BASLER v. MATERIAL SERVICE OF OKLAHOMA, INC.



 

 
 
 
 
 
 Skip to Main Content
 Accessibility Statement
 
 
 
 
 
 Help
 Contact Us
 
 
 
 
 e-payments
 Careers
 
 
 
 
 
 
 
 
 
 
 
 Home
 Courts
 Decisions
 Programs
 News
 Legal Research
 Court Records
 Quick Links
 
 
 
 
 
 OSCN Found Document:BASLER v. MATERIAL SERVICE OF OKLAHOMA, INC.

 

 
 



 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 

 
 BASLER v. MATERIAL SERVICE OF OKLAHOMA, INC.
2019 OK CIV APP 4
Case Number: 116442
Decided: 12/21/2018
Mandate Issued: 01/16/2019
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2019 OK CIV APP 4, __ P.3d __

 

JIMMIE DWAYNE BASLER, Taxpayer, residing in Rogers County, State of Oklahoma, for himself and for all taxpayers of Rogers County, Oklahoma, Plaintiff/Appellant,
v.
MATERIAL SERVICE OF OKLAHOMA, INC., f/k/a MATERIAL SERVICE CORPORATION, Defendant/Appellee,

Mike Helm, Dan Delozier, and Kirt Thacker, as Trustees of the Rogers County Finance Authority, as Assignee of Material Service Corporation, of that certain judgment rendered in favor of Material Service Corporation, against the Board of County Commissioners of Rogers County, Oklahoma, in the District Court of said County, Case No. CJ-2004-234; and RCB Bank, as Trustee for the holders of the Rogers County Finance Authority, Rogers County, Oklahoma Bonds, as holder of that certain judgment rendered in favor of Material Service Corporation against the Board of County Commissioners of Rogers County, Oklahoma, in the District Court of said County, Case No. CJ-2004-234; as security for the Bonds, and Christopher Neal Begley, and APAC-Central, Inc., a Delaware corporation, and Board of County Commissioners of Rogers County, Oklahoma, Defendants.

APPEAL FROM THE DISTRICT COURT OF
ROGERS COUNTY, OKLAHOMA

HONORABLE SHEILA A. CONDREN, TRIAL JUDGE

AFFIRMED

Jack E. Gordon, Jr., GORDON & GORDON, LAWYERS, Claremore, Oklahoma, and
Thomas H. Williams, THOMAS H. WILLIAMS, LAW OFFICE, PLLC, Claremore, Oklahoma, for Plaintiff/Appellant,

Elizabeth C. Nichols, ELIZABETH C. NICHOLS, PC, Edmond, Oklahoma, for Defendant/Appellee.

ROBERT D. BELL, PRESIDING JUDGE:

¶1 Plaintiff/Appellant, Jimmie Dwayne Basler, appeals from the trial court's order dismissing his putative taxpayer action against Defendant/Appellee, Material Service of Oklahoma, Inc., f/k/a Material Service Corporation (MSC). The trial court dismissed Plaintiff's petition for failure to state a claim upon which relief can be granted and on the ground Plaintiff lacks standing to bring the suit. For the reasons set forth below, we affirm.

¶2 The instant suit emanates from a jury verdict in Rogers County District Court Case No. CJ-2004-234. In that case, MSC sued the Rogers County Board of Commissioners (County) for, inter alia, the unconstitutional taking of property (inverse condemnation). Specifically, MSC asserted County wrongfully interfered with its right to conduct limestone mining operations on MSC's leased property from May 2000 until August 2003. Following extensive trial litigation and appeals, a jury trial in 2009 resulted in a verdict for MSC and a damage award of $12,500,000.00. This Court affirmed the award in Material Serv. Corp. v. Rogers County Bd. of Comm'rs, 2012 OK CIV APP 17, 273 P.3d 880. That opinion also sets forth in greater detail the facts and procedural history of the underlying case. County's petition for rehearing before this Court, its petition for a writ of certiorari to the Oklahoma Supreme Court, and its petition to vacate the judgment in the district court were all denied. MSC thereafter sold its leasehold interests to Defendant APAC-Central, Inc. County paid the judgment in 2012 with funds from bond sales, secured by a taxpayer-approved sales tax.

¶3 Plaintiff filed the instant suit in 2013 purporting to represent the taxpayers of Rogers County. Plaintiff's suit seeks a determination that all payments made by APAC-Central to MSC for the lease assignment belong to County for the benefit of the Rogers County taxpayers. The suit is premised on Plaintiff's claim that the jury award to MSC in the underlying litigation was for a permanent taking and, therefore, once the underlying judgment was paid to MSC, County became the owners of the lease. Plaintiff argues neither the original petition, jury instructions, verdict, nor judgment specify whether County's taking of MSC's property was partial or total, and he seeks an opportunity to prove the taking was total/permanent. Plaintiff also seeks to establish a resulting and/or constructive trust of the lease royalty payments.

¶4 The trial court initially dismissed Plaintiff's suit on the singular ground that his petition failed to state a claim upon which relief can be granted. See 12 O.S. 2011 §2012(B)(6). The court specifically found Plaintiff is seeking to collaterally attack the underlying judgment, which has been upheld on review. Upon reconsideration, the trial court reaffirmed its initial ruling and added a second ground for dismissal: Plaintiff lacks standing to pursue claims of unjust enrichment and estoppel by judgment. From said judgment, Plaintiff appeals.

¶5 This matter stands submitted for accelerated appellate review without appellate briefs on the trial court record pursuant to Rule 4(m), Rules for District Courts, 12 O.S. Supp. 2013, Ch. 2, App., and Rule 1.36, Oklahoma Supreme Court Rules, 12 O.S. Supp. 2013, Ch. 15, App. 1. This Court's standard of review of a trial court's order granting a motion to dismiss is de novo. Rogers v. Quiktrip Corp., 2010 OK 3, ¶4, 230 P.3d 853. "Under this standard, we have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal ruling." Fanning v. Brown, 2004 OK 7, ¶8, 85 P.3d 841.

¶6 We agree with MSC and the trial court that Plaintiff's claims are nothing more than a collateral attack on the underlying judgment in an attempt to redefine the jury's verdict of a temporary taking into a permanent taking. As this Court unequivocally stated in the first sentence of Material Serv. Corp. v. Rogers County Bd. of Comm'rs, the jury verdict and award in the underlying case was "for a temporary taking." Id., 2012 OK CIV APP 17at ¶1. Indeed, the opinion repeatedly stated the case concerned a "temporary" taking and a large part of our discussion was dedicated to the proper measure of damages for a "temporary" regulatory taking. There is no dispute as to whether the underlying judgment was one for a temporary versus a permanent taking; that issue has already been conclusively decided. Plaintiff's petition failed to state a cause of action upon which relief can be granted.

¶7 We further agree that Plaintiff lacks standing to assert his claims. In Fent v. Contingency Review Bd., 2007 OK 27, ¶7, 163 P.3d 512, the Oklahoma Supreme Court reiterated:

The three threshold criteria of standing are (1) a legally protected interest which must have been injured in fact i.e., suffered an injury which is actual, concrete and not conjectural in nature, (2) a causal nexus between the injury and the complained-of conduct, and (3) a likelihood, as opposed to mere speculation, that the injury is capable of being redressed by a favorable court decision.

"[A] taxpayer possesses standing to seek equitable relief when alleging that a violation of a statute will result in an illegal expenditure of public funds or the imposition of an illegal tax." Oklahoma Pub. Employees Ass'n v. Oklahoma Dept. of Cent. Services, 2002 OK 71, ¶10, 55 P.3d 1072. Accord Fent, 2007 OK 27, 163 P.3d 512.

¶8 Here, Plaintiff attempts to establish his injury-in-fact as a taxpayer of Rogers County, seeking assignment of the lease to County, all money paid or to be paid by APAC-Central for the lease, a finders' fee and attorney fees. None of his claims constitute equitable relief, nor do they challenge an illegal expenditure of public funds. Additionally, in light of the above discussion regarding failure to state a claim, Plaintiff cannot show he is likely to obtain a favorable court decision regarding ownership of the lease. Upon de novo review of the instant record, we hold the trial court correctly dismissed Plaintiff's petition.

¶9 AFFIRMED.

JOPLIN, J., and BUETTNER, J., concur.






 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2012 OK CIV APP 17, 273 P.3d 880, MATERIAL SERVICE CORPORATION v. ROGERS COUNTY BOARD OF COMMISSIONERS
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2002 OK 71, 55 P.3d 1072, OKLAHOMA PUBLIC EMPLOYEES ASSOCIATION v. OKLAHOMA DEPT. OF CENTRAL SERVICES
Discussed
 2004 OK 7, 85 P.3d 841, FANNING v. BROWN
Discussed
 2007 OK 27, 163 P.3d 512, FENT v. CONTINGENCY REVIEW BOARD
Discussed at Length
 2010 OK 3, 230 P.3d 853, ROGERS v. QUIKTRIP CORP.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 2012, Defenses and Objections - When and How Presented - By Pleading or Motion
Cited


 
 








 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA